MARY A. HARRIS *vs.* TRUSTEES OF WORCESTER ACADEMY.

A bill in equity to restrain the defendant from setting up a claim to the plaintiff's land under a mortgage alleged to be invalid, will be dismissed, for want of parties, if it does not distinctly allege that the defendant is the holder of the mortgage; although the defendant has not appeared to the suit.

BILL IN EQUITY, alleging that in 1855 William H. Harris conveyed a parcel of land in Worcester to the Ladies' Collegiate Institute, upon certain conditions; that on March 13, 1868, the conditions having been broken, he entered upon the premises, for breach of the conditions, and continued in possession until April 13, 1868, when he conveyed the parcel to E. H. March, who entered and on the same day conveyed to the plaintiff; that the plaintiff had ever since remained in possession of the premises; that in 1857 the Ladies' Collegiate Institute mortgaged said parcel, to

gether with a certain other parcel of land in Worcester, to John F. Pond, to secure the payment of $1000; that in 1858, said Institute mortgaged a certain other parcel of land in Worcester to Pond, to secure the payment of $750, said debt being the same secured by the first mentioned mortgage, the remainder having been paid; " that the defendants claim and pretend that they have acquired through sundry mesne conveyances from Pond and the Ladies' Collegiate Institute, the title in fee of all the real estate conveyed to Pond by both said mortgages, except the plaintiff's parcel; that they have also obtained an assignment to themselves of the second mortgage and the debt secured thereby; and that by virtue of said conveyances and assignment, they have acquired an interest in the plaintiff's parcel, and have a right to have said debt of $750, or some part thereof, satisfied therefrom; " that in truth, by means of the breach of the conditions and the entry of Harris, the title of the Ladies' Collegiate Institute and of all persons claiming under them, was wholly defeated and divested, and Harris became seised of the land in his own right and was the absolute owner thereof; that the plaintiff had succeeded to and was now the owner of his said title; that the defendants, though requested, had neglected and refused to release their claims; and that by reason thereof the plaintiff's title to her land was greatly impaired. The prayer was that the defendants might be restrained by injunction from setting up any claim to the plaintiff's parcel under said mortgages and debt, or under any conveyances or assignments to them of said mortgages or of the real estate therein described, or of said debt; and for further relief. The defendants did not appear.

At the hearing, before *Wells*, J., on a motion by the plaintiff that the bill should be taken *pro confesso*, the judge was of opinion that the plaintiff was not entitled to the relief sought, for want of proper parties to be joined as defendants; and reported the case to the full court for such order, direction or final decree as should be deemed conformable to the rules and principles of equity.

*T. L. Nelson*, for the plaintiff.

No counsel appeared for the defendants.

AMES, J. This bill is brought to quiet the plaintiff's title against certain claims or pretended claims of the defendants. Those claims are alleged to arise through certain mortgages given by the Ladies' Collegiate Institute to John F. Pond. The first mortgage was for $1000, and purported to cover the plaintiff's land and another parcel of land now owned by the defendants. The second mortgage was given to secure the same debt, to the amount of $750, a part having been previously paid, and covered another parcel of land now owned by the defendants. The defendants have also obtained an assignment of the second mortgage, and the debt secured thereby. By virtue of this assignment, the defendants claim to have acquired a right to the security of the first mortgage, and thereby to charge the plaintiff's land, and hold the same for a part or the whole of the debt.

The plaintiff seeks to impeach the validity of the first mortgage, so far as it relates to his land, on the ground that, at the time it was given, the title of the Ladies' Collegiate Institute was subject to a condition contained in their deed from William H. Harris ; and that Harris afterwards entered for breach of the condition, and thereby defeated not only the title of the Ladies' Collegiate Institute, but also of their mortgagee. The plaintiff derives title from Harris, since his reëntry.

It does not appear who is the present holder of the first mortgage ; but the bill does not allege that Pond has ever made any assignment of it.

From this statement of the case it is manifest, 1. that Pond, or the present holder of the first mortgage, is a necessary party to enable the court to afford any effectual relief to the plaintiff ; 2. that the court cannot properly proceed to adjudicate upon the validity of the first mortgage in his absence, nor upon the alleged interest of the defendants.

It is urged that the plaintiff seeks relief only as against these defendants, and that no objection is made to the relief prayed for. But we do not regard a default merely, of any party whom a plaintiff may see fit to summon into court, as a sufficient or proper ground for the exercise of chancery powers. The principles of equity jurisdiction, and the limitations upon the exercise

of chancery powers in matters which may affect other parties not before the court, are to be observed in all cases, whether insisted upon by those who are made parties or not. This bill must therefore be · *Dismissed.*